FARMER'S PRODUCTION CREDIT AS-
SOCIATION, Plaintiff-Respondent,

v.

Billy YOUNG, Defendant-Appellant.

No. 13825.

Missouri Court of Appeals,
Southern District,
Division Three.

March 7, 1985.

Motion for Rehearing or to Transfer to
Supreme Court Denied March 28, 1985.

Application to Transfer Denied
April 30, 1985.

Jo Beth Prewitt, Alton, for plaintiff-re-
spondent.

Roy W. Brown, Bruce B. Brown, Kansas
City, for defendant-appellant.

GREENE, Judge.

Plaintiff, Farmer's Production Credit As-
sociation of Rolla, Missouri (Farmer's), a
federally chartered lending corporation,
brought a replevin action against defend-
ant, Billy Young, for immediate and exclu-
sive possession of a 1972 Ford # 3000 trac-
tor, S.N. # C349037. Farmer's alleged that
it had a special interest in, and was lawful-
ly entitled to, possession of the tractor
pursuant to a security agreement and fi-
nancing statement, copies of which were
attached to and made a part of the petition,
that the tractor had a value of $3,800, and
that Young wrongfully refused to relin-
quish possession of the tractor to Farmer's.

After hearing evidence, the trial court
entered judgment for plaintiff for posses-
sion of the tractor or, in the alternative, for
its value, which the court found to be
$3,800. Young appealed, contending there
was no substantial evidence to show that 1)
Farmer's security interest was perfected at
the time Young purchased the tractor, or 2)
Young had actual knowledge of the securi-
ty interest at that time, or 3) Young gave
value for and took possession of the trac-
tor.

■ The judgment of the trial court must be affirmed if it is based on substantial evidence, is not against the weight of the evidence, and is not based on any erroneous declaration or application of law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The only evidence before the trial court was the testimony of Richard King, an officer in Farmer's Alton, Missouri branch office, and documents identified by King. The evidence shows that in 1973, Troy and Maryanne Earls, husband and wife, started borrowing money from Farmer's to finance their farm operation. In 1976, they established what was called an operating loan to provide money for feed, supplies, etc. In 1978, the Earls borrowed more money to buy a truck and in 1979, another loan was taken to construct a farrowing unit. The loans were secured by a deed of trust on real estate, which is not involved here, and later by a security agreement dated October 16, 1980, granting Farmer's a present security interest on 309 hogs and pigs and a 1977 Chevrolet truck. Because the Earls' security was decreasing, Farmer's, on April 20, 1981, requested, and the Earls executed, an amended security agreement which added to the existing security agreement other livestock and machinery, including the tractor in question.

On May 6, 1981, a financing statement was filed in the Oregon County Recorder's office, identifying debtors as Troy H. and Maryanne Earls, the secured party as Farmer's and the security being all "livestock, machinery and equipment."

The Earls did not prosper, and their three loans became overdue. On February 11, 1982, a consolidation note, combining the three overdue loans was executed by the Earls. The note was in the amount of $77,246.25, and provided, among other things, that the note was secured by the security agreement dated October 16, 1980, "as amended from time to time and such other and further security as the Association may deem necessary at any time which

the undersigned parties (Earls) agree to deliver."

The situation did not improve, and the Earls were not making payments on the note. Farmer's requested that they surrender the tractor. The Earls asked permission to keep it to help maintain the farm until it was sold. Farmer's agreed. The Earls, without notifying Farmer's, sold the tractor to Young for $3,800. Young admitted to King that he had purchased the tractor from the Earls for $3,800, and refused to relinquish possession of the tractor to Farmer's. The Earls did not pay to Farmer's any money they received from Young.

The parties agree that the facts are to be construed in accordance with the provisions of the Uniform Commercial Code—Secured Transactions that have been adopted in Missouri, and codified in § 400.9–101 through 400.9–507.[1] Section 400.9–201 states that "Except as otherwise provided by this chapter a security agreement is effective according to its terms between the parties, against purchasers of the collateral and against creditors." Young, recognizing the barrier against his position created by this statute, argues that Farmer's security interest in the tractor was not perfected and, therefore, Farmer's claim to the tractor was inferior to his. Young premises this argument on § 400.9–301(1)(c), which states generally that an unperfected security interest in goods is subordinate to the rights of a buyer not in the ordinary course of business to the extent that he gives value and receives delivery of the collateral without knowledge of the security interest, and before that interest was perfected. This argument has no basis in either fact or law.

■ The new consolidation note which was executed on February 11, 1982 states on its face that it was secured by the October 16, 1980 security agreement, and its amendment, which clearly states that the tractor in question was security for the money the Earls owed Farmer's. The financing statement filed in Oregon County

---

**1.** All references to statutes are to RSMo 1978,   V.A.M.S.

on May 6, 1981, was in effect when Young bought the tractor from the Earls. Once filed, it was effective for at least five years unless released. § 400.9–403(2). It had not been released. The point has no merit.

 In his remaining point, Young asserts Farmer's did not prove he possessed the tractor Farmer's was trying to replevin. In his answer to Farmer's petition, Young averred in paragraph six that he had paid full market value for the tractor in question. Also, in King's testimony, he said Young had told him that he had bought the tractor in question from the Earls and had paid $3,800 for it. This evidence established that the tractor in Young's possession was the same one in which Farmer's had a secured interest. The point has no merit.

There was substantial evidence to support the trial court's judgment. The judgment is not against the weight of the evidence, and is not based on any erroneous declaration or application of law.

Judgment affirmed.

CROW, P.J., and TITUS and FLANIGAN, JJ., concur.